UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CARPENTERS' DISTRICT COUNCIL OF GREATER ST. LOUIS AND VICINITY and TERRY M. NELSON, JOHN P. MULLIGAN, PATRICK J. SWEENEY, III, RENEE BELL, THOMAS G. HEINSZ, JOHN W. FISCHER, CARMELO D. CAPUTA, KEN STRICKER, JAMES, P. SCHMID, KIRK VERSEMAN, ALBERT BOND, ROBERT CALHOUN, RON DICUS and ANGELO LANCIA, in their representative capacities as trustees of the CARPENTERS' PENSION TRUST FUND OF ST. LOUIS, and TERRY M. NELSON, JOHN P. MULLIGAN, PATRICK J. SWEENEY, III, RENEE BELL, THOMAS G. HEINSZ, JOHN W. FISCHER, CARMELO D. CAPUTA, KEN STRICKER, MICHAEL T. THUSTON, KIRK VERSEMAN, SCOTT BYRNE, ROBERT CALHOUN, RON DICUS and ANGELO LANCIA in their representative capacities as trustees of the CARPENTERS' HEALTH AND WELFARE TRUST FUND OF ST. LOUIS, and TERRY M. NELSON, JOHN P. MULLIGAN, PATRICK J. SWEENEY, III, RENEE BELL, THOMAS G. HEINSZ, JOHN W. FISCHER, CARMELO D. CAPUTA, KEN STRICKER, JAMES P. SCHMID, KIRK VERSEMAN, ROBERT CALHOUN and RON DICUS in their representative capacities as trustees of the CARPENTERS' VACATION TRUST FUND OF ST. LOUIS and TERRY M. NELSON, RENEE BELL, PATRICK J. SWEENEY, III, ROBERT BEHLMAN, THOMAS G. HEINSZ, DOYLE PAUL, MICHAEL T. THUSTON, TONY PRINCE, RON DICUS, and ROBERT WOLF in their representative capacities as trustees of the CARPENTERS' JOINT TRAINING FUND OF ST. LOUIS, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 4:07-CV-61 CAS |
| Plaintiffs, | ) ) | |
| v. | ) ) | |

| | |
|---|---|
| DLR OPPORTUNITIES, INC., a Missouri corporation d/b/a BCI CONTRACTING, INC., | ) ) ) |
| Defendants. | ) |

## DEFAULT JUDGMENT

Plaintiffs filed their first amended complaint on May 31, 2007 to recover from defendant DLR Opportunities, Inc., doing business as BCI Contracting, Inc., for delinquent fringe benefit contributions, liquidated damages and interest owed to the plaintiff fringe benefit funds affiliated with the Carpenters' District Council of Greater St. Louis labor organization, pursuant to the Employee Retirement Income Security Act, 29 U.S.C. §1132(g)(2) ("ERISA"), and the Labor Management Relations Act, 29 U.S.C. §185.

The defendant was served with the summons and amended complaint on July 18, 2007, and has not appeared in this action. The Clerk of the Court entered the default of defendant pursuant to Rule 55(a), Federal Rules of Civil Procedure, on October 15, 2007. [Doc. 18]

Plaintiffs move for default judgment under ERISA, 29 U.S.C. §1132(g)(2) and §1145, and under the applicable collective bargaining agreement ("CBA"), submitting in support of their motion the affidavits of Juli Laramie and Greg A. Campbell as well as the CBA to which defendant is bound. The CBA requires the payment of fringe benefit contributions through the purchase of fringe benefit stamps. See Laramie Aff., Ex. 1, Sections 5.04, 5.05, 5.06, 5.07 and 5.08. The CBA requires the payment of twenty percent (20%) liquidated damages on delinquent contributions, plus ten percent (10%) annual interest. The CBA also requires delinquent employers to pay the plaintiffs' attorneys' fees and court costs. See id., Section 5.10.

Defendant has failed to purchase the required fringe benefit stamps. The CBA authorizes the Funds to audit an employer's records. See id., Section 5.10. An audit of defendant's payroll records was performed for the period of May 31, 2006 through September 19, 2006. See

2

Laramie Aff., Ex. 2. The audit revealed that defendant owes $22,683.88 in contributions. A Letter of Credit maintained by defendant was applied toward this amount, leaving a balance due of $21,655.18. The defendant owes $4,331.04 in liquidated damages and $2,773.21 in interest. The total owed by defendant for delinquent contributions, interest and liquidated damages for the period of May 31, 2006 through September 19, 2006 is $28,759.42. See Laramie Aff., Ex. 3.

Plaintiffs incurred $803.00 in legal fees and $941.05 in costs, for a total of $1,744.05. Based on the evidence presented, the Court finds that the services performed by plaintiffs' attorneys were reasonable and necessary to the litigation of this case, that the rates charged were reasonable, and that the amount sought for attorneys' fees is reasonable. The total amount owed by defendant is $30,503.47.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for default judgment is **GRANTED**. [Doc. 13]

**IT IS FURTHER ORDERED** that judgment by default is entered in favor of plaintiffs and against defendant DLR Opportunities, Inc. doing business as BCI Contracting, Inc. in the amount of Thirty Thousand Five Hundred Three Dollars and Forty-Seven Cents ($30,503.47).

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  24th  day of October, 2007.