# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| CARPENTERS' DISTRICT COUNCIL OF ST. LOUIS AND VICINITY, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:07-CV-61 CAS |
| DLR OPPORTUNITIES, INC., a Missouri corporation, d/b/a BCI CONTRACTING, INC., | ) ) ) ) | |
| Defendant. | ) ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiffs' motion for an order of civil contempt against defendant DLR Opportunities, Inc., through its president. Plaintiffs' motion is accompanied by affidavits of counsel and exhibits.

**Background**.

Plaintiffs Carpenters District Council of Greater St. Louis and Vicinity (the "Union") and the Trustees of its various Trust and Training Funds filed this action under Section 301(a)-(c) of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185, and Sections 502(e)(1) and (f) of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1132(e)(1)and (f). The First Amended Complaint asserted that defendant DLR Opportunities, Inc., Missouri corporation d/b/a BCI Contracting, Inc., was bound by the provisions of a collective bargaining agreement to forward to the Union amounts deducted from its employees' paychecks as union dues, submit a monthly statement showing the regular and overtime hours worked by each employee, and make the required payments through a stamp purchase plan. Plaintiffs asserted that defendant failed and refused to pay the required contributions and submit the required monthly

reports. The Complaint sought to require defendant to submit its books and records for an audit and accounting, and sought judgment for the delinquent contributions, interest, liquidated damages, accounting fees, attorney's fees and costs.

Defendant was served with summons and complaint on July 18, 2007, but did not file an answer or other responsive pleading within the time allowed by the Federal Rules of Civil Procedure. On October 15, 2007, a Clerk's Entry of Default pursuant was issued pursuant to Rule 55(a), Fed. R. Civ. P. (Doc. 18), and the case was reassigned to the undersigned. (Doc. 17)

By Judgment dated October 24, 2007, the Court entered default judgment in favor of plaintiffs and against defendant DLR Opportunities, Inc. in the total amount of Thirty Thousand Five Hundred Three Dollars and Forty-Seven Cents ($30,503.47). (Doc. 19)

On December 10, 2007, plaintiffs filed a motion to compel defendant, through its officer Mr. Douglas S. Blair, to appear for a post-judgment deposition and to produce the records requested in plaintiff's Notice of Rule 69 Deposition and Request for Production of Documents issued in aid of execution of their judgment. By order dated December 14, 2007, the Court granted plaintiffs' motion to compel and ordered Mr. Blair to appear for deposition at the offices of plaintiffs' counsel on January 4, 2008, and to produce the requested documents at the same time.

The affidavit of plaintiffs' counsel, Michael Evans, states that Mr. Blair failed to appear at the scheduled deposition. Mr. Evans' supplemental affidavit and the exhibit thereto establish that Mr. Douglas S. Blair is the president of DLR Opportunities, Inc.

**Discussion**.

The United States Supreme Court has stated "it is firmly established that the power to punish for contempts is inherent in all courts." Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (internal punctuation and citation omitted). "One of the overarching goals of a court's contempt power is to

ensure that litigants do not anoint themselves with the power to adjudge the validity of orders to which they are subject." Chicago Truck Drivers v. Brotherhood Labor Leasing, 207 F.3d 500, 504 (8th Cir. 2000) (citing United States v. United Mine Workers, 330 U.S. 258, 290 n.56 (1947)). Civil contempt sanctions may be employed to coerce compliance with a court order. Id. (citing United Mine Workers, 330 U.S. at 303-04). "Either incarceration or a fine may accomplish the purpose of coercion . . . . " Id.

Civil contempt proceedings may be employed in an ERISA case such as this to coerce the defendant into compliance with a court order or to compensate the complainant for losses sustained or both. Chicago Truck Drivers, 207 F.3d at 504-05. Either incarceration or a fine may accomplish the purpose of coercion; where compensation is intended, a fine is imposed payable to the complainant. Id.

The Court's contempt power also extends to non-parties who have notice of the Court's order and the responsibility to comply with it. Chicago Truck Drivers, id. at 507 (court's payment orders in ERISA case were binding upon the named corporate defendant's sole shareholder and corporate officer and agent, even though the order made no specific reference to him). See also Electrical Workers Pension Trust Fund v. Gary's Electric Serv. Co., 340 F.3d 373 (6th Cir. 2003) (owner of corporation, as an officer of the corporation responsible for its affairs, was subject to the court's contempt order just as the corporation itself was even though he was not a named defendant). Indeed, the Supreme Court of the United States, in a case where a corporate officer who failed to comply with a subpoena duces tecum was held in contempt of court, stated:

> A command to the corporation is in effect a command to those who are officially responsible for the conduct of its affairs. If they, apprised of the writ directed to the corporation, prevent compliance or fail to take appropriate action within their power for the performance of the corporate duty, they, no less than the corporation itself, are guilty of disobedience, and may be punished for contempt.

3

Wilson v. United States, 221 U.S. 361, 376 (1911).

This Court has previously imposed compliance fines in similar ERISA delinquency collection cases and has ordered a defendant to reimburse the plaintiffs for attorney's fees incurred in attempting to compel compliance with a Court order. See, e.g., Greater St. Louis Construction Laborers Welfare Fund v. Akbar Electric Serv. Co., Inc., No. 4:96-CV-1582 CDP (E.D. Mo. Apr. 21, 1997) (ordering defendant to reimburse plaintiff for attorney's fees); Greater St. Louis Construction Laborers Welfare Fund, et al. v. Marvin Steele Enters., Inc., No. 4:96-CV-1073 ERW (E.D. Mo. Mar. 21, 1997) (ordering a compliance fine of $200 per day). In addition, incarceration has been used to compel compliance with Court orders in the context of ERISA delinquency actions. See, e.g., Marvin Steele Enters., id. (ordering that a bench warrant issue for the arrest of the individual defendants).

A party seeking civil contempt bears the burden of proving by clear and convincing evidence that the alleged contemnors violated a court order. Chicago Truck Drivers, 207 F.3d at 504-05. Here, it is undisputed that DLR Opportunities, Inc.'s officer, Mr. Blair, did not appear for deposition and to produce records as ordered. It is also undisputed that Mr. Blair is defendant's president. At this point, the burden shifts to defendant and Mr. Blair to show an inability to comply with the Court's order. Id. A mere assertion of "present inability" is insufficient to avoid a civil contempt finding. Rather, alleged contemnors defending on the ground of inability to comply must establish that (1) they were unable to comply, explaining why "categorically and in detail;" (2) their inability to comply was not "self-induced;" and (3) they made "in good faith all reasonable efforts to comply." Id. at 506.

Accordingly,

**IT IS HEREBY ORDERED** that defendant DLR Opportunities, Inc. and its officer Douglas S. Blair are ordered to show cause why they should not be held in contempt of court for failure to have Mr. Blair appear for deposition on January 4, 2008 and to produce records as ordered by the Court on December 14, 2007.

**IT IS FURTHER ORDERED** that a hearing is set for Thursday, **February 21, 2008**, at 10:00 a.m. in Courtroom No. 12-N of the Thomas F. Eagleton United States Courthouse, at which defendant DLR Opportunities, Inc. and its officer Douglas S. Blair may show cause why civil contempt sanctions should not be imposed against them for failure to comply with the Court's Order of December 14, 2007. Because incarceration is a possible civil contempt sanction, Mr. Blair has the right to representation by counsel. Failure to appear for the hearing as ordered may subject Mr. Blair to arrest by the United States Marshal's Service.

**IT IS FURTHER ORDERED** that the United States Marshal's Service is directed to serve a copy of this Memorandum and Order on defendant DLR Opportunities, Inc. and its officer Douglas S. Blair, by serving Mr. Blair personally at 810 Saint Joseph, O'Fallon, Missouri 63366, or at 1341 Governors Run Court, O'Fallon, Missouri 63366, or wherever he may be found.

*[signature]*
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  17th  day of January, 2008.